# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

 Plaintiff,

 v.              Case No. 14-CR-71

DANIEL CONTRERAS,

 Defendant.

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

  On March 18, 2014, a federal grand jury in the Eastern District of Wisconsin indicted Mr. Daniel Contreras, charging him with conspiracy to distribute controlled substances (Count 1) and distribution of 50 grams or more of methamphetamine (Count 5). ECF No. 1. The indictment charges that the conspiracy began on or about January 1, 2012, and continued through March 14, 2014. *Id*. This indictment was sealed until March 2016. The matter is assigned to United States District Judge Pamela Pepper for trial and to this Court for pretrial motions. The trial date is set for August 28, 2017. ECF No. 100.

  After this indictment was returned, Mr. Contreras was also indicted in three cases in the United States District Court for the Northern District of Illinois. In the first, Case No. 14-CR-544, Mr. Contreras was charged with conspiring to distribute and distribution of cocaine. ECF No. 95-1. The indictment indicates that the

conspiracy began on or about February 2, 2013, and continued through April 2013. *Id*.

In Case No. 15-CR-09, Mr. Contreras was charged with distribution of cocaine on April 14, 2013. ECF No. 95-3. In Case No. 15-CR-10, Mr. Contreras was charged with possession with intent to deliver cocaine (March 22, 2013), possession with intent to deliver cocaine (April 25, 2013), distribution of cocaine (April 25, 2013), and using a communication facility to facilitate distribution of a controlled substance (May 2, 2013). ECF No. 95-5.

On March 21, 2016, Mr. Contreras was sentenced in Case No. 15-CR-09 to 87 months of incarceration concurrent to the sentences he would receive in the other cases. On April 4, 2016, Mr. Contreras was sentenced in Case No. 15-CR-10 to 48 months of incarceration concurrent to his other sentences. On September 7, 2016, Mr. Contreras was sentenced in Case No. 14-CR-544 to 48 months of incarceration concurrent to the sentences imposed in Case No. 15-CR-09 and Case No. 15-CR-10.

Mr. Contreras filed a motion to dismiss on February 27, 2017, in which he maintains that prosecution of this case violates the Double Jeopardy Clause of the Fifth Amendment because he was indicted and sentenced on drug conspiracy and distribution counts over substantially the same time period in the Northern District of Illinois. ECF No. 91. Specifically, Mr. Contreras argues that (1) there is a virtually complete time overlap between the conspiracy alleged in the present indictment and his Illinois indictments; (2) his activities in the Illinois conspiracy encompass his alleged activities in the Wisconsin conspiracy; and (3) he was

2

improperly denied the opportunity to resolve all of his charges on a global basis. *Id.* The United States opposes the motion. ECF No. 95. Mr. Contreras's motion to dismiss is now fully briefed and ready for disposition. *See* ECF Nos. 91; 95; 99. For the reasons described below, the Court will recommend that the district judge deny Mr. Contreras's motion to dismiss.

   I.   Analysis

Mr. Contreras seeks dismissal of the indictment on the basis that it subjects him to double jeopardy by prosecuting him for the same offenses he was already prosecuted for in Illinois. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life of limb." U.S. CONST. amend V. Three separate guarantees inhere in this constitutional provision: (1) once acquitted of a charge, a person shall not be prosecuted again for the same offense; (2) once convicted of a crime, a person shall not be prosecuted again for that same crime; and (3) one shall not be punished twice for the same offense. *See United States v. Hatchett*, 245 F.3d 625, 630 (7th Cir. 2001).

The Supreme Court of the United States held that the double jeopardy protection applies both to successive punishments and to successive prosecutions for the same criminal offense. *See North Carolina v. Pearce*, 395 U.S. 711 (1969). In both the multiple punishment and multiple prosecution contexts, the double jeopardy bar applies where the two offenses for which a defendant is punished or tried cannot survive the "same-elements" test. *See, e.g., Brown v. Ohio*, 432 U.S.

3

161, 168-169 (1977); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (multiple punishment); *Gavieres v. United States*, 220 U.S. 338, 342 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the *Blockburger* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. *United States v. Dixon*, 509 U.S. 688, 695-96 (1993); *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005).

It is well established that "'in claiming double jeopardy based on more than one conspiracy prosecution, a defendant bears the burden of establishing that the prosecutions are for the same offense in law and in fact.'" *United States v. Dempsey*, 806 F.2d 766, 767 (7th Cir. 1986) (quoting *United States v. Castro*, 629 F.2d 456, 461 (7th Cir. 1980)). The defendant is required to make a *prima facie* showing that the prosecutions cover the same conspiracy. *See Dempsey*, 806 F.2d at 767 (referencing *United States v. Thomas*, 759 F.2d 659 (8th Cir. 1985) and *United States v. Stricklin*, 591 F.2d 1112 (5th Cir. 1979)). Where the indictments are under the same laws, the relevant question becomes whether the multiple conspiracy charges are the same "in fact"; that is, whether Mr. Contreras is being prosecuted twice for the same conduct. *See United States v. Asher*, 96 F.3d 270, 273 (7th Cir. 1996).

Conspiracy prosecutions center "on an agreement to engage in an illegal course of conduct." *Id*. at 273-274. "The precise bounds of a single conspiracy seldom will be clear from the indictment alone. The gist of the crime of conspiracy and the

4

characteristic which defines its breadth is the unlawful agreement." *Castro*, 629 F.2d at 461 (internal quotations omitted)); *see also United States v. Dortch*, 5 F.3d 1056, 1061 (7th Cir. 1993). Because the essence of a conspiracy is an agreement to commit a crime, "'a determination of whether the Government can prosecute on more than one conspiracy rests on whether there exists more than one agreement.'" *Dortch*, 5 F.3d at 1061 (quoting *United States v. Chiattello*, 804 F.2d 415, 418 (7th Cir. 1986)).

Conspiracies cannot be artificially broken up for the purpose of bringing separate cases. *See Braverman v. United States*, 317 U.S. 49, 53 (1942); *Dortch*, 5 F.3d at 1061; *United States v. Thornton*, 972 F.2d 764, 766 (7th Cir. 1992); *Castro*, 629 F.2d at 461. But "the Double Jeopardy Clause does not prohibit successive prosecutions of an individual for distinct unlawful acts taken within a single course of criminal conduct." *Asher*, 96 F.3d at n.4 (referencing Peter Westen & Richard Drubel, *Toward a General Theory of Double Jeopardy*, 1978 SUP. CT. REV. 81, 113).

It is possible that Mr. Contreras was continuously involved in only one conspiracy, but it is equally possible that Mr. Contreras was involved in multiple conspiracies during the same time period. Because conspiracies have somewhat fluid bounds, when making a determination about whether multiple prosecutions cover the same conspiracy, courts look to the indictments and evidence and consider the time periods, alleged co-conspirators, places, overt acts, and whether the two conspiracies depend on each other for success. *See Castro*, 629 F.2d at 461.

5

Case 2:14-cr-00071-PP Filed 05/11/17 Page 5 of 7 Document 102

In this case, the alleged co-conspirators are different in the indictments. There is no overlap between the defendants charged in Illinois and Wisconsin, save for Mr. Contreras. While the locations may overlap, inasmuch as all indictments involve the Northern District of Illinois, the present indictment deals with the Eastern District of Wisconsin, which was not part of the Illinois indictments. There is a slight overlap of time, from February 2013 through April 2013 (the dates of the Illinois conspiracy), but the Wisconsin indictment alleges a longer time span, from January 2012 through March 2014. Further, the government asserts that the crux of the evidence in the Wisconsin case relies on methamphetamine, which was not part of the Illinois charges. Other than the facts that both indictments charge distribution of illegal substances and that there are partial overlaps in both time and location, Mr. Contreras has not shown that there is anything that would factually link the prosecutions.

Based on the preceding, this Court cannot say at present that Mr. Contreras was involved in a single conspiracy rather than multiple conspiracies during the time periods covered by the indictments. Therefore, this Court finds that Mr. Contreras has not met his *prima facie* burden of showing that the multiple prosecutions were for the same conspiracy. Nevertheless, it remains possible, though unlikely, that the proof at trial will show impermissible overlap between the Wisconsin and Illinois prosecutions. Accordingly, this Court will recommend that Mr. Contreras's motion to dismiss the superseding indictment be denied without prejudice.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Daniel Contreras's Motion to Dismiss, ECF No. 91, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>11th</u> day of May, 2017.

                                                        **BY THE COURT:**

                                                    <u>s/ David E. Jones</u>
                                                    DAVID E. JONES
                                                    United States Magistrate Judge