UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL CONTRERAS,

    Defendant.

Case No. 14-cr-71-pp

---

**ORDER CONSTRUING LETTER FROM COUNSEL AS RULE 35(a) MOTION TO CORRECT SENTENCE AND DENYING MOTION (DKT. NO. 229)**

---

    The defendant was convicted in three cases in the Northern District of Illinois—Case Nos. 14-cr-544, 15-cr-9 and 15-cr-10. In each of those cases, the judges sentenced him to serve eighty-seven months, and imposed the sentences to run concurrently to each other, for a total sentence of eighty-seven months.

    On October 16, 2018, this court sentenced the defendant in the current case, and ordered him to serve a sentence of fifty months, "to run concurrently with the eighty-seven (87) month sentences imposed" in the Northern District of Illinois. Dkt. No. 225 at 2. The defendant had faced a mandatory minimum sentence of 120 months; the government asked the court to depart downward by 40%, to a sentence of seventy-two months; the defense proposed a sentence of twenty-seven months to run concurrently with the sentences in Illinois. Dkt. No. 224 at 3. By defense counsel's calculations, his recommendation would

result in the defendant's release from all sentences—the sentences in Illinois and the sentence this court imposed—at about the same time.

The court imposed a sentence of fifty (50) months, to run concurrently with the sentences imposed in Illinois. Id.; Dkt. No. 225 at 2. The court knew, when it imposed this sentence, that it was imposing a sentence that would require the defendant to remain in custody after the expiration of the eighty-seven month sentences imposed in Illinois. It made this decision deliberately, concluding that some additional increment of punishment was appropriate in this case, given the seriousness of the allegations (and despite the defendant's cooperation, which the court concedes was worthy of the departure the government requested).

In the order of judgment, the court recommended (as the defendant had asked) that the Bureau of Prisons place the defendant in a facility as close to the Northern District of Illinois as possible, and that it place him in a facility that provided the Residential Drug Abuse Prevention program. Dkt. No. 225 at 2. It also recommended, however, that the BOP "give the defendant credit for any time served in federal custody prior to the date of sentencing." Id. In hindsight, this was an odd recommendation. The defendant continues to serve the eighty-seven-month sentences he received in Illinois. He was serving those sentences during the entire pendency of this case. Because this court imposed the fifty-month sentence concurrently with the Illinois sentences, every day from October 16, 2018 (the date of his Wisconsin sentence forward) will count toward both the Illinois sentences and this sentence, until the defendant has

finished serving the eighty-seven-month Illinois sentences. At that point—whenever that point arrives—the defendant will then serve whatever remains of the fifty-month sentence this court imposed. If, as defense counsel calculated, the defendant completes his Illinois sentences in December 2020 or January 2021, then he will have some twenty-three months (minus good-time credit and any half-way house time) to serve on the Wisconsin sentence. The notion of him having un-credited time to apply toward the Wisconsin sentence makes no sense under these circumstances—*all* the time he served in custody prior to his Wisconsin sentencing will be credited toward his Illinois sentences, regardless of what this court might order.

On October 25, 2018, the court received a letter from defense counsel. Dkt. No. 229. Although the letter does not actually ask the court to do anything (it "suggests" that a sentence adjustment "might be appropriate"), the court construes the letter as a Rule 35(a) motion to correct the defendant's sentence. Counsel filed the letter within fourteen days of the date the court imposed sentence. Counsel states that the Bureau of Prisons has informed him that they would not give the defendant credit against his Wisconsin sentence until he has finished serving his Illinois sentences. He argues that the defendant spent a significant amount of time—half the time he has served on the Illinois sentences—in the county detention center in Kenosha, Wisconsin, ahead of testifying against a co-defendant and then being sentenced in this case. Id. at 1. Counsel asserts that county jail time is "harder" time than time in a federal prison, and that perhaps what the court meant to do in the order of judgment

3

(by recommending that the Bureau of Prisons give the defendant credit for time served prior to sentencing) was to give him an additional sentence reduction to account for this "harder" time. Counsel suggests that the court reduce its sentence to thirty months (three months more than what counsel recommended—and the court rejected—at sentencing). Id. Finally, counsel indicates that the government takes the position that the defendant "should receive credit for time spent while detained pretrial in the ED Wis." Id. at 2.

The court declines to "correct" its sentence or clarify its judgment. As noted above, the defendant faced a mandatory minimum sentence of ten years for the drug-trafficking crimes charged in this case. Because he chose to cooperate, the government asked the court to reduce that sentence to seventy-two months—six years. This court—taking into account the defendant's cooperation and the risks he assumed in providing it, the fact that he had spent significant time in Kenosha County (concededly an unpleasant place), the fact that he believed he was unfairly prosecuted in four separate cases (rather than in one, single conspiracy case) and the fact that he likely will be removed from the country after he has served his time—imposed an even lower sentence of fifty months, or four years and two months, *and* imposed that sentence to run concurrently with the remaining time in the Illinois sentences. This means that if the defendant earns all his good-time credit on the Illinois cases and in this case, he may end up serving less than two additional years on the Wisconsin case—a sentence of two years for someone who began with a ten-year *mandatory* minimum sentence.

4

The court gave the sentence it intended. It apologizes for any confusion or false hopes it may have given in referencing (inappropriately) "credit for time served." But the court declines to "correct" the sentence it imposed.

The court **CONSTRUES** counsel's letter as a Rule 35(a) motion to correct sentence, and **DENIES** that motion. Dkt. No. 229.

Dated in Milwaukee, Wisconsin this 13th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**